UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DAMIAN ANTONIO MURPHY, )
 )
    Plaintiff, )
 )  Civil Action No.  19-3840 (UNA)
 )
 )
BRIAN SNEDECKER *et al.*, )
 )
    Defendants. )

## MEMORANDUM OPINION

Plaintiff, appearing *pro se*, is a federal prisoner currently incarcerated at the United States Penitentiary in Lewisburg, Pennsylvania.  He has filed an application to proceed *in forma pauperis*, ECF No. 2, and a Complaint for a Civil Case, ECF No. 1.  For the reasons explained below, the *in forma pauperis* application will be granted and this case will be dismissed pursuant to 28 U.S.C. § 1915A, which requires immediate dismissal of a prisoner's complaint that fails to state a claim upon which relief can be granted.

Plaintiff alleges that his conviction in the Western District of Virginia, *see United States v. Murphy*, No. 1:06-cr-00062, 2011 WL 181938, at *1 (W.D. Va. Jan. 20, 2011) (denying relief under 28 U.S.C. § 2255), was the result of a "civil conspiracy."  Compl. Form Sec. III; *see also* Compl. Attachment (labeled "Civil Conspiracy").  The named defendants are individuals, including judicial officers, who appear to have participated in the criminal proceedings.  *See* Compl. Form Sec. I (Parties).  Plaintiff seeks millions of dollars in damages.  *Id.*, Sec. IV.

If plaintiff were to succeed on his conspiracy claim, his conviction could not stand. Therefore, plaintiff's claim is "not cognizable unless and until he meets the requirements of

1

*Heck*" by having the conviction invalidated via direct appeal or habeas corpus, or declared void by an authorized tribunal.  *Harris v. Fulwood*, 611 Fed. App'x. 1, 2 (D.C. Cir. 2015) (per curiam) (citing *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994)).  And *Heck's* favorable termination requirement applies "no matter the relief sought (damages or equitable relief) . . . if success in the action would necessarily demonstrate the invalidity of confinement or its duration."  *Id*. (quoting *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) (internal quotation marks and other alterations omitted)).  As indicated above, plaintiff has had no success in vacating his conviction under § 2255, and nothing in the complaint suggests that he has had his conviction invalidated under any other authority.  Hence, this case will be dismissed.  A separate order accompanies this Memorandum Opinion.

                                        SIGNED:   EMMET G. SULLIVAN
                                        UNITED STATES DISTRICT JUDGE
DATE:  June 12, 2020